UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH RAY BALLARD,

Plaintiff,

v.

SANTA CLARA COUNTY SHERIFF
DEPARTMENT, et al.,

Defendants.

Case No. 25-cv-09803-NW

**ORDER SCREENING COMPLAINT,
DISMISSING WITH LEAVE TO
AMEND**

Plaintiff Kenneth Ray Ballard, a state detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. *See* ECF No. 1. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court **DISMISSES** the Complaint with leave to amend.

## I.    BACKGROUND

Ballard alleges that he was denied access to the law library by the Santa Clara Sheriff's Department and Santa Clara County. He also alleges that his classification was increased from Level 1 or 2 to a higher level as punishment for a disciplinary violation without a hearing. Ballard states that the new classification resulted in his incarceration in a more restrictive setting, which required Ballard to be in his cell for over 20 hours a day and wear waist chains to "go anywhere in the facility[,] even court." ECF No. 1 at 5.

Ballard names the following as Defendants in this action: Santa Clara County Sheriff's Department, Santa Clara County "Jon & Jan Doe," Sheriff "Jon & Jan Doe," and "Major Jon & Jan Doe." ECF No. 1 at 3. He seeks monetary and injunctive relief.

## II.    LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*:  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  "A person deprives

United States District Court
Northern District of California

another 'of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

### III.    DISCUSSION

#### A.    Access to Courts

Ballard's claim regarding his access to the courts is duplicative of a claim he is litigating in a separate action, *Ballard v. Santa Clara Sheriff's Department et al.*, Case No. 25-cv-05201-NW. This claim is **DISMISSED WITH PREJUDICE** as duplicative. *See Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

#### B.    Classification

To the extent Ballard challenges changes to his classification, he fails to state a cognizable constitutional claim. Changes in conditions relating to classification and reclassification do not implicate the Due Process Clause itself. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Dagget*, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to a particular classification). This claim is **DISMISSED**.

#### C.    Due Process

Ballard also argues that his due process rights were violated when he was placed in restrictive housing conditions without a hearing.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To show a due process violation with respect to a change in conditions of confinement, a prisoner must establish a liberty interest in avoiding the challenged placement. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Though "[t]he Constitution does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement, . . . such an interest may 'arise from state policies or regulations.'" *Johnson v. Ryan*, 55 F. 4th 1167, 1180 (9th Cir. 2022) (quoting

United States District Court
Northern District of California

3

*Wilkinson*, 545 U.S. at 221–22).  An interest in avoiding certain conditions of confinement constitutes a liberty interest protected by the Due Process Clause if the challenged condition imposes an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Johnson*, 55 F.4th at 1180 (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

> In considering whether conditions of confinement impose [such hardship], . . . we may consider "whether the challenged condition mirrored those conditions imposed on inmates in administrative segregation and protective custody"; "the duration of the condition, and degree of restraint imposed"; and "whether the state's action will invariably affect the duration of the prisoner's [confinement]."

*Johnson*, 55 F. 4th at 1197.

Although Ballard alleges some information about his conditions of confinement, he has not provided sufficient information about the duration of the restrictions or whether any disciplinary action will affect the length of his overall confinement.  *Johnson*, 55 F. 4th at 1197.  He also has not alleged facts showing that any specific Defendant is liable for this alleged violation:  Ballard's Complaint names several Defendants but does not clarify which Defendant was responsible for placing him in more restrictive conditions, and he does not provide information about any Defendant's specific actions.  *See Lemire*, 726 F.3d at 1074.  To the extent that Ballard intended to allege that the Santa Clara Sheriff's Department was responsible for the challenged actions, he is cautioned that government entities such as the Sheriff's Department or Santa Clara County are subject to liability only in limited circumstances.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1534 (9th Cir. 1995) ("A plaintiff may demonstrate liability by proving that [the government entity's] employee committed the alleged violations pursuant to the city's official policy or custom.").

Accordingly, Ballard's due process claim is **DISMISSED WITH LEAVE TO AMEND** so he may provide additional information about who placed him in restrictive housing and the duration of the restrictions at issue.

## IV.   CONCLUSION

The Court orders as follows:

1.   The Complaint is **DISMISSED** as specified above.

United States District Court
Northern District of California

2. The Court grants Ballard **LEAVE TO AMEND** his Due Process Claim.

3. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page. Because an amended complaint completely replaces the original, Ballard must include all relevant allegations of fact to support his claim. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Ballard is cautioned that he may not incorporate material from the prior Complaint by reference. Failure to amend within the designated time will result in this action's dismissal without prejudice.

4. It is Ballard's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk is requested to send a blank prisoner civil rights form to Ballard with his copy of this order.

**IT IS SO ORDERED.**

Dated: March 2, 2026

Noël Wise
United States District Judge

5